[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
This case arises out of an appeal from an order of the Probate Court and also requests affirmative relief from the court.
The factual background of this case is that Rosalee Benny Zanoni is the devisee of two parcels of real property by the terms of the will of her deceased mother Helen A. Benny. The devisee Ms. Benny Zanoni objects to the sale of the property by the fiduciary of the estate on the grounds that she is willing to pay taxes, debts and expenses which may eventually be found to be just obligations of the estate.
Based on these representations the plaintiffs have filed this action in Superior Court. They have requested that a Probate Court order issued December 8, 1993 be declared a nullity. That order declared the two parcels of real estate shown on the estate inventory and devised to Ms. Benny Zanoni are subject to the right of the fiduciary of the estate to petition the court for their sale to meet the obligations of the estate for taxes, CT Page 10728 debts, and expenses.
The plaintiffs also seek an order from the court requiring the fiduciary to obtain and record Certificates of Devise as set forth in § 45a-450 of the General Statutes. They also request an order prohibiting the fiduciary from attempts to sell the real property reference to previously.
The Zanonis have appealed from an order of the Probate Court and have moved for summary judgment. The Successor Administratrix opposes that motion and has filed a cross motion for summary judgment.
It should also be noted that the Successor Administratrix has filed an affidavit to the effect that the two parcels of land in question "are the only assets of real value in the estate" and that "the total amount of outstanding claims and expenses exceed the value of the assets.
This is an unfortunate case in a long string of actions arising out of disputes over the estate and property of Mrs. Benny. It involves a dispute between family members where misunderstandings developed based on a variety of misperceptions.
(1)
The plaintiffs seek an order that pursuant to § 45a-450a the fiduciary of the estate be ordered to obtain and record a Certificate of Devise.
Section 45a-450(a) must be read in conjunction with subsection (b). It is fair to say that the statute in question is not a model of clarity on the issue before the court. It says that when real property is "devised or distributed or set out to the devisees or devisees . . . the fiduciary of the estate shall, within one month thereafter" place a certificate on the land records containing certain information. Interestingly, however, the statute says that "in case of descent to the heir or heirs or spouse of such decedent, within one month after the acceptance by the court of the final administration account of (the) fiduciary" the fiduciary must secure the previously mentioned certificate. The last sentence of subsection (a) adds to the confusion by not using the word "devise" but simply says the certificate to be recorded shall contain the name and residence of each person to whom the property "is distributed, set out or divided" along with CT Page 10729 a description of the property.
Subsection (b) then generally says that "notwithstanding theprovisions of subsection (a) of this section, upon request of the fiduciary responsible for filing the account" the Probate Court after a hearing may issue the certificate "prior to the acceptance of a final administration account if it finds that issuing such certificate is in the best interests of the parties in interest." (emphasis added)
If subsection (b) does not refer to specific devisees of real estate what is the meaning of the emphasized statutory language noted above. When the legislature wished to refer to "specific devisees" of real estate it certainly knew how to do so. Also if the plaintiffs are correct in saying that "a certificate of devise is not a muniment of title . . . but merely a pointer to guide an examiner of land records" Hewitt v. Sanborn, 103 Conn. 352,374 (1925) it would only serve to confuse examiners of land records to file such a certificate before the final accounting where the res which is the subject of the certificate could be consumed in paying off debts of the estate.
In any event Ms. Benny Zanoni in October of 1991 requested the Probate Court to record the Certificate of Devise. The court refused to grant that request and this action was never appealed from. The December 8, 1993 order of the Probate Court does not even reference § 45a-450 but was concerned with the right of the fiduciary to petition the court for sale of these two parcels of property. The issue of the Certificate of Devise does not appear to be properly before the court. Also query whether these plaintiffs can secure what can be called the extraordinary remedy of mandamus pursuant to a statute (§ 45a-450) which apparently wasn't passed with the benefit of devisees, specific or otherwise in mind but to protect the interest of people examining the land records.
(2)
The plaintiffs also seek to have the December 8, 1994 order of the Probate Court declared a nullity and an order prohibiting the fiduciary from further attempts to sell the real property inventoried in this estate.
The relief sought is the same under both requests. The plaintiffs in effect seek an order from this court preventing the CT Page 10730 assets of this estate from being used to satisfy claims made upon or debts owed by the estate.
The gravamen of the dispute here is that the plaintiffs don't believe the claims made upon the estate are in fact owed and Ms. Benny Zanoni who has deep attachment to the property of her mother is in effect saying that she will make good any claims against the estate, there is no need to sell the land and title should pass to her forthwith given all these circumstances.
But the plaintiffs fail to recognize that under our law: "Title to real property passes upon death to the heirs of the owner subject to the rights of administration", Satti v. Rago,186 Conn. 360, 365 (1982). That case recognizes that although the procedure for the sale of devised property has certain technical requirements the Probate Court can order such property sold, id. p. 365. Also compare Carmody v. Peck, 40 Conn. Sup. 484 (1986). Section 45a-428(a) authorizes the sale of real property specifically devised if the estate is insolvent or even if it is solvent but no assets other than the real property exist to satisfy estate obligations.
The very reason for permitting the fiduciary to petition for a sale of real property is amply illustrated by this very case. Ms. Benny Zanoni only obligates herself to pay "just" debts of the estate. The point is that she has serious question about the propriety of some of the claims. Chaos, however, would reign if specific devisees could take absolute title and creditors had to litigate their claims seriatim in the courts against various parties or worst of all in Probate Court where there would be no assets in an estate which has been rendered insolvent because the real estate has absolutely vested in a specific devisee prior to a final accounting.
The Successor Administratrix has submitted an affidavit that the estate is insolvent and the real estate parcels are the only assets. The proper forum to contest claims made against the estate is the Probate Court where the appropriate appeals relative to such claims and the Probate Court's rulings thereon could have been appealed. This court is not prepared to and has no authority to overturn probate procedure and fashion a rule that apart from the equities of this particular case would leave creditors of decedents' estates with a limited ability to satisfy their claims. CT Page 10731
The plaintiffs' motion for summary judgment is denied; the defendant's cross motion is granted.
Thomas Corradino, Judge